# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FINLEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:20 CV 1889 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Michael Finley seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. On September 11, 2019, Finley pleaded guilty to one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). ECF 54 in Case No. 4:18 CR 668 CDP. Pursuant to the written plea agreement entered into by the parties in this case, in exchange for Finley's guilty plea to Count I the government agreed to dismiss Counts II and III of the Indictment[1] at the time of sentencing, which it did. ECF 55 in Case No. 4:18 CR 668 CDP. The parties also agreed to jointly recommend a sentence of 120 months' imprisonment. ECF 55 in Case No. 4:18 CR 668 CDP. With respect to his guidelines calculations, the parties further agreed that: Finley's base offense level was 12; 2

---

[1] Count II charged Finley with possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) and Count III charged Finley with possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).

levels should be added because he possessed a firearm; 2 levels should be added because he fled from police; and, two levels should be deducted for Finley's acceptance of responsibility.  ECF 55 in Case No. 4:18 CR 668 CDP.  However, the plea agreement specifically states that total offense level and criminal history would be determined by the Court based upon Finley's potential career offender status.  ECF 55 in Case No. 4:18 CR 668 CDP.  Finley reserved his right to challenge the computation of his criminal history and his right to appeal any finding made by the Court relating to his criminal history, including a finding that he was a career offender.  ECF 55 in Case No. 4:18 CR 668 CDP.

The probation office determined that Finley was, in fact, a career offender based upon the following facts: he was at least 18 years old at the time of the instant offense; Count I is a felony that is either a crime of violence or a controlled substance offense; and, Finley had at least two prior felony convictions of either a crime of violence or a controlled substance offense from two prior Missouri state court cases – three counts of delivery of a controlled substance (Case Number 17SL-CR10493-01) and two counts of delivery of a controlled substance (Case Number 17SL-CR10492-01).  ECF 61 in Case No. 4:18 CR 668 CDP.  Based on his career offender status, Finley's total offense level was 29 and his criminal

history category was VI.² ECF 61 in Case No. 4:18 CR 668 CDP.  With a total offense level of 29 and a criminal history category of VI, Finley's advisory sentencing range was 151 months to 188 months.  ECF 61 in Case No. 4:18 CR 668 CDP.  No objections to the PSR were filed.

    I sentenced Finley on January 3, 2020.  ECF 64 in Case No. 4:18 CR 668 CDP.  Both Finley and his attorney stated that Finley was in agreement with the guidelines calculations contained in the PSR, and Finley told me that he had no objections to the PSR that he wished to raise.  I therefore adopted the legal and factual findings of the PSR.  ECF 64 in Case No. 4:18 CR 668 CDP.  I then sentenced Finley to 120 months imprisonment on Count I of the Indictment in accordance with the joint recommendation of the parties contained in the plea agreement.  ECF 65 in Case No. 4:18 CR 668 CDP.  Finley did not appeal.

    Despite the agreements contained in his plea agreement and the statements made to me under oath, in this § 2255 motion Finley claims that his attorney was ineffective for failing to: seek a 2 level reduction related to his possession of a firearm because the gun counts were dismissed as part of the plea negotiations;

---

² As contemplated by the parties, Finley had a base offense level of 12, with 2 levels added for possession of a dangerous weapon (at least one firearm), 2 levels  added because of reckless endangerment during flight, and a 2 level  deduction for acceptance of responsibility.  ECF 61 in Case No. 4:18 CR 668 CDP.  16 levels were added for his career offender status.

3

argue that he was not a career offender; and, object to the facts related to his career offender designation in the presentence investigation report.³

Finley agreed that 2 levels should be added to his guidelines calculation because he possessed a firearm, and this guidelines calculation is correct despite the fact that he was not convicted of a firearms offense. Because Finley is a career offender, his remaining claims are without merit and will be dismissed without an evidentiary hearing for the following reasons.

## Discussion

**A. No Evidentiary Hearing is Required**

The records before me conclusively demonstrate that Finley has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The

---

³ Finley also asks for compassionate release in this motion, but a § 2255 motion is not the appropriate avenue for seeking such relief so the Court denies this request without prejudice.

4

record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

**B. Finley Did Not Receive Ineffective Assistance of Counsel**

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Finley must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Finley "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Finley did not receive ineffective assistance from his attorney.

5

In his first claim, Finley argues that his attorney was ineffective for failing to challenge the 2 levels added to his base offense level related to his possession of a firearm because the gun counts were dismissed as part of the plea negotiations. Yet in his plea agreement Finley agreed that the 2 levels were appropriately added to his guidelines calculations. During his plea colloquy, I specifically addressed this issue with Finley as follows:

> THE COURT: So what you all have agreed to – these are listed on page 4 – is that the base offense level is 12 because of the quantity of fentanyl involved, that two levels are added because you possessed a firearm, that two levels are added because you recklessly created a substantial risk of death or serious bodily injury to another person when you fled from law enforcement and then that two levels should be deducted from the sentencing guidelines because you've accepted responsibility for your criminal conduct . . . so those are the agreements you have with the United States about the guidelines. Do you understand that?
>
> FINLEY: Yes, ma'am.

ECF 71 at 12-13 in Case No. 4:18 CR 668 CDP. Finley made this representation to me under oath (after assuring me that his plea was knowing and voluntary), and he cannot contradict it now. *See Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir.1997) ("While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.") (internal citations omitted); *Smith v. Lockhart,* 921 F.2d 154, 157 (8th Cir.1990) ("[s]olemn declarations in open court

6

carry a strong presumption of verity.") (internal quotation marks and citation omitted).

Moreover, Finley's counsel was precluded from making the argument under the terms of the plea agreement:

> THE COURT: [T]here's a paragraph that is labeled "Consequences of Postplea Misconduct," and what that says is that you understand if you do anything in between now and sentencing that violates this agreement or is inconsistent with accepting responsibility . . . then the United States wouldn't have to follow this agreement; they could argue for a higher sentence. Do you understand that?
>
> FINLEY: Yes, ma'am.

ECF 71 at 17 in Case No. 4:18 CR 668 CDP. To make such an argument could have breached the plea agreement and resulted in the government asking the Court to impose a much higher sentence than the agreed-upon sentence of 120 months. Such an objection would have been futile in any event, as the 2 level enhancement was appropriate even though the gun charge was dismissed.[4]  *United States v. Thomas,* 760 F.3d 879, 889 (8th Cir. 2014) (the district court may consider charged, uncharged, dismissed and acquitted conduct as relevant conduct). Failure

---

[4] The Sentencing Guidelines provide that two level are to be added if the defendant possesses a dangerous weapon. USSG §2D1.1(b)(1). The enhancement should be applied if the weapon was present, unless it is "clearly improbable" that the weapon was connected to the offense. The enhancement applies if the firearm is present during "relevant conduct" as defined by USSG §1B1.3(a)(2). *United States v. Savage,* 414 F.3d 964, 966 (8th Cir. 2005). As Finley admitted that during the police chase he tossed a bag out of the window of his car which contained a loaded Keltec 22 caliber AR-15 style machine pistol, the enhancement was appropriately applied in this case.

to raise meritless objections does not constitute ineffective assistance of counsel. *Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994). For these reasons, Finley's first claim of ineffective assistance of counsel is denied.

In his second claim, Finley claims that his attorney was ineffective for failing to argue that he is not a career offender. Finley believes he cannot be considered a career offender because he had "two prior drug convictions" that were not "sales charges," the cases "ran concurrent," his prior offenses "occurred on the same day or one day apart," and he was placed on probation.

Finley is mistaken that his prior convictions are not qualifying felonies for purposes of categorizing him as a career offender. That Finley's sentences were imposed concurrently in his two state cases (Case Numbers 17SL-CR10493-01 and 17SL-CR10492-01) does not mean that he was not convicted of at least two qualifying felonies for purposes of determining his career offender status. Finley was convicted under Mo. Rev. Stat. § 579.020 of two counts of delivery of a controlled substance in Case Number17SL-CR10492-01 for conduct occurring on May 30, 2017, and three counts of delivery of a controlled substance in Case Number 17SL-CR10493-01 for conduct occurring on May 24, 2017. Delivery of a controlled substance in violation of Mo. Rev. Stat. § 579.020 is a qualifying controlled substance offense under the Guidelines for purposes of determining career offender status. *United States v. Thomas*, 886 F.3d 1274, 1277 (8th Cir.

2018) (applying the categorical approach to determine that delivery of a controlled substance in violation of § 195.211 – now renumbered as § 579.020 – qualifies as a predicate controlled substance offense because the statute requires more than "mere words of an offer" for a sale). Moreover, while both of these cases relate to Finley's prior drug activities, they do not involve the "same offense" occurring the "same day or one day apart."[5]

Nor does the fact that Finley was placed on probation mean that he was not convicted of qualifying felonies, as the Sentencing Commission did not exceed its authority by defining prior felony conviction for purposes of the career offender Guidelines as an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." *United States v. Reid*, 887 F.3d 434, 437 (8th Cir. 2018) (cleaned up). Finley's offenses are Class C felonies under Missouri law, which are punishable by a term of imprisonment not less than three years and not to exceed ten years, *see* Mo. Rev. Stat. § 558.011(1), and as such are qualifying felonies even though Finley's five year sentences were suspended and he was placed on probation. For this reason, counsel's failure to make a meritless argument that he is not a career offender does not constitute

---

[5] To the extent Finley is attempting to apply *Wooden v. United States*, 142 S. Ct. 1063 (Mar. 7, 2022) to this case, his argument fails because he was not sentenced under the Armed Career Criminal Act and his convictions sprang from drug activities occurring almost a week apart. *See id.* at 1067 (holding that convictions arising from a single episode only count once under ACCA).

9

ineffective assistance of counsel. *Rodriguez,* 17 F.3d at 226. Finley's second ineffective assistance of counsel claim is denied.

Finally, Finley argues that his attorney was ineffective for failing to object to the facts related to his career offender designation in the presentence investigation report. As these facts demonstrate that Finley is, in fact, a career offender, counsel's failure to make a meritless objection to their inclusion in the PSR cannot constitute ineffective assistance of counsel as a matter of law. *Id.* Moreover, Finley told me at sentencing that he had no objections to the facts contained in the PSR and cannot be heard to contradict his prior statement now. Finley's third ineffective assistance of counsel claim is denied.

## C. I Will Not Issue a Certificate of Appealability

As Finley has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Michael Finley's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Finley has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                     _____
                                     CATHERINE D. PERRY
                                     UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2022.